JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5749 PA (MRWx) | Date | July 26, 2012 |
|---|---|---|---|
| Title | Bank of New York Mellon v. Peter G. Carlson, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Peter G. Carlson, Laurie D. Carlson, and Scott Warner ("Defendants") on July 3, 2012. (Docket No. 1.) In its Complaint, plaintiff Bank of New York Mellon ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. Defendants allege that removal is proper because the Complaint is actually a disguised claim under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") rather than a claim for unlawful detainer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5749 PA (MRWx) | Date | July 26, 2012 |
|---|---|---|---|
| Title | Bank of New York Mellon v. Peter G. Carlson, et al. | | |

Despite Defendants' allegations of artful pleading, Plaintiff's unlawful detainer claim is not a disguised claim brought pursuant to the PTFA. Section 702(a) of the PTFA provides,

> In the case of any foreclosure on . . . any dwelling or residential property . . . any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to–
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of such notice of foreclosure –
>
>> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or
>>
>> (B) without a lease or with a lease terminable at will under State law, subject to the receipt by the tenant of the 90 day notice under subsection (1), . . . .

If a successor in interest violates the provisions of the PTFA, then a tenant may have a claim for the violation, but a successor in interest in a foreclosed property does not eject tenants by alleging a federal claim under the PTFA. Thus, the PTFA merely provides terms with which the successor in interest must comply. Plaintiff's unlawful detainer claim is therefore not a disguised PTFA claim. Accordingly, Defendant's position regarding the propriety of Plaintiff's unlawful detainer claim does not constitute a proper basis for removal. Moreover, to the extent Defendant may be asserting a federal defense or possible counterclaim based on the PTFA, such allegations do not provide a legitimate basis for removal because neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See Vaden v. Discover Bank, 556 U.S. 49, 59–61, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

For the foregoing reasons, Defendants have failed to meet the burden of showing that federal question jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. SB12Z00608. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.